**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

AGNES GEORGES,

                         Plaintiff,

        - v -                                           Civ. No. 1:17-CV-1276
                                                                       (DNH/DJS)

LEVY RATHNER, *et al.*,

                        Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

AGNES GEORGES
Plaintiff, *Pro Se*
5 Lowell Place
Baldwin, NY 11510

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Agnes Georges.[1] Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and has submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. For the reasons that follow, Plaintiff's

---

[1] In addition to the present action, Plaintiff has six other pending actions in this District, five of which she filed on November 13, 2017. *Georges v. Schneiderman*, Civ. No. 1:17-cv-524 (BKS/DJS) (filed May 11, 2017); *Georges v. Hatser*, Civ. No. 1:17-cv-1243 (GTS/CFH) (filed Nov. 13, 2017); *Georges v. Gov Tower VA*, Civ. No. 1:17-cv-1244 (TJM/ATB) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1245 (BKS/DJS) (filed Nov. 13, 2017); *Georges v. Rathner*, Civ. No. 1:17-cv-1246 (DNH/CFH) (filed Nov. 13, 2017); *Georges v. Cuomo*, Civ. No. 1:17-cv-1247 (TJM/DJS) (filed Nov. 13, 2017). Each of these actions appear to recount a substantially similar series of events. Furthermore, Plaintiff seeks to proceed *in forma pauperis* in each action. In Civ. No. 1:17-cv-524 and Civ. No. 1:17-cv-1244, there are pending Report-Recommendations recommending the dismissal of those actions pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and/or for failure to state a claim. Another action, *Georges v. Duchene*, Civ. No. 1:17-cv-0086, was terminated on December 7, 2017, after the Report-Recommendation and Order of the undersigned recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) was adopted by the Honorable David N. Hurd, United States District Judge. Plaintiff is warned that further filing of repetitive and frivolous actions requesting *in forma pauperis* status may result in the issuance of an injunction barring Plaintiff from filing further actions without leave of the court. *See* 28 U.S.C. § 1651; *see also Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (affirming entry of injunction against filing further actions without leave of the court).

IFP Application is denied without prejudice as incomplete. It is nonetheless recommended that Plaintiff's Complaint be **dismissed without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

## I.  IFP APPLICATION

A court may permit a litigant to proceed without prepayment of the filing fee if it determines "that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). A litigant seeking to proceed IFP must submit "an affidavit that includes a statement of all assets such [person] possesses." *Id.* "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

Plaintiff's IFP Application indicates that she has no income from any sources; however, she has failed to complete the remainder of the form. *See* IFP App. "Without submission of a completed financial affidavit, a plaintiff's application is incomplete, and this defect alone warrants denial of the IFP application." *Sawabini v. O'Connor Hosp.*, 2015 WL 582756, at *3 (N.D.N.Y. Aug. 31, 2015). Accordingly, Plaintiff's IFP Application is **denied without prejudice**.

## II.  INITIAL REVIEW OF THE COMPLAINT

Where a plaintiff seeks to proceed *in forma pauperis*, § 1915(e) directs the Court to "dismiss the case *at any time* if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added). The Court shall dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." *Id.* Here, the Court recommends that Plaintiff's Complaint be **dismissed** as frivolous and

because it fails to state a claim.

### A. Legal Standard

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Nonetheless, the court has a responsibility to determine that a claim is not frivolous before permitting it to proceed. *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) ("Section 1915(d) gives the court the power to dismiss a *pro se* complaint sua sponte if the complaint is frivolous."). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court's initial review of a complaint under § 1915(e) must also encompass the applicable standards of the Federal Rules of Civil Procedure. Thus, under Rule 8 of the Federal Rules of Civil Procedure, a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure requires that a pleading set forth "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). A complaint that fails to

comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Analysis

In bringing this action, Plaintiff utilized this District's *pro forma* Complaint for actions

brought pursuant to 42 U.S.C. § 1983.[2] *See* Compl. Appended to the Complaint are two letters address to the Court. *Id.* at pp. 5-13. Plaintiff names Levy Rathner and Felix Phillipe as Defendants, but it is unclear who either of these individuals are, or what their connection to Plaintiff is. At various points, Plaintiff refers to "Levy Rathner PC Company." Compl. at ¶ 3. She states that Defendant Phillipe is a "police official" who works for Levy Rathner. *Id.*

The Complaint consists of incomplete and incoherent sentences and fails to satisfy basic pleading standards. Employing its best efforts in due deference to Plaintiff's *pro se* status, it appears that Plaintiff is alleging a conspiracy conducted against her and her family by various government agencies. In particular, Plaintiff claims that Phillipe deposited her check in his account and stole her identity; "enemies" are spying on her through various electronics; and her reputation was hurt by the circulation of a nude photograph. *See id.* Plaintiff also refers throughout the Complaint and appended letters to the CIA and an entity called "Network World." *See id.* It is impossible to discern what legal claims Plaintiff seeks to pursue, the factual basis for those claims, or even whom she intends to name as a Defendant. Accordingly, the Court recommends that Plaintiff's Complaint be **dismissed** as frivolous and for failure to state a claim.

Ordinarily, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). Nonetheless, leave to replead need not be given when it would "futile" because the problem with the plaintiff's causes of actions would not be cured by better pleading. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

---

[2] Section 1983 establishes a cause of action "for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)).

2000). In this case, while mindful of the liberality with which *pro se* pleadings must be viewed, the Court finds that Plaintiff's Complaint does not suggest any non-frivolous causes of action. Furthermore, Plaintiff's litigation history in this District—where she has filed numerous actions complaining of a substantially similar series of events in a span of weeks— counsels against granting leave to amend. The Court therefore recommends that the Complaint be dismissed **without leave to amend**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **DENIED without prejudice**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   December 11, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge